**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Santos GARCIA–SANCHEZ,
Defendant—Appellant.**

No. 03–50058.

D.C. No. CR–02–02000–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 2004.

Decided March 11, 2004.

Roger W. Haines, Jr., Atty. U.S. Atty., USSD–Office Of The U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John L. Haeussler, FDCA–Federal Defender's Of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before TROTT, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

Appellant Santos Garcia–Sanchez challenged his conviction on the basis that

Agent Reed's grand jury testimony was excluded. That testimony supported the trial defense that Garcia–Sanchez was under constant surveillance ("official restraint") as defined by our decision in *United States v. Pacheco–Medina,* 212 F.3d 1162, 1164–66 (9th Cir.2000), during his attempted illegal entry into the United States. *See* 8 U.S.C. § 1326(a).

However, the circumstances of Garcia–Sanchez's capture do not fall within our definition of "official restraint." Garcia–Sanchez eluded the Border Patrol upon his entry, and was found only after a government agent located and followed his footprints. Because his arrest was effected by "[p]ersistent tracking, rather than visual surveillance," Garcia–Sanchez was not under "official restraint" when he entered the United States. *United States v. Hernandez–Herrera,* 273 F.3d 1213, 1219 (9th Cir.2001). Garcia–Sanchez's "counter-evidence" was based on a mistaken assumption that could not be verified. Accordingly, any error, whether evidentiary or constitutional, in excluding the grand jury testimony of Border Patrol Agent Reed was harmless.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.